Beech v. Southworth and another.

On motion to dismiss an appeal on a special motion—

*Held*, That on appeals from "orders," no security is required to be given.

That where security is required, the undertaking must be acknowledged in the same manner as bonds were required to be acknowledged by the one hundred and twentieth rule of the Supreme Court, which rule is still in force; notice must also be given of the names, additions, and residences of the sureties, and the undertaking must be approved by a judge, but the omitting to do any of these acts is such an irregularity as the court may permit to be rectified.

On an appeal from an order made at a Special Term, a certificate of a judge must be obtained, pursuant to section 299 of the Code, and a copy of the certificate served, or the appeal will be irregular; but the court will not, for such irregularity, quash the appeal. The court will impose costs on all parties who commit irregularities, even when the irregularities do not affect the substantial rights of the parties, if the irregularity occur by the party disregarding section 389 of the Code, and the rules of the the court retained in force thereby.

Cross motions had been made in this case at a Special Term, which resulted in an order denying the plaintiff's mo-

tion, and granting the defendant's motion. From this order the plaintiff sought to appeal with a stay of proceedings.

For this purpose he filed an undertaking, and served a copy. A certificate from a judge, pursuant to. section 299 of the Code, had been obtained, but no copy served. The undertaking had not been acknowledged pursuant to rule 120 of this court, nor had it been approved by a judge, pursuant to section 290 of the Code, and no notice was given of the names and additions of the sureties in the undertaking. Motion was now (January 2) made to dismiss the appeal for irregularity.

*Tracy*, for the motion, referred to rule 120, Code Reporter, p. 79, and *Ridabock* v. *Levy* (8 Paige, 197)

*D. D. Field*, and *Woodbury*, *contra*.

*Edmonds, J.:* This is an appeal from an order made at the Special Term, dissolving the injunction that had been issued, and denying the motion for the appointment of a receiver. A motion is made to dismiss the appeal, on several grounds: 1. Because the execution of the undertaking, given on taking the appeal, is neither proved nor acknowledged. To file an undertaking without that prerequisite is undoubtedly irregular. The 120th rule requires peremptorily that "all bonds or written securities shall be duly proved or acknowledged in the manner prescribed by law, for the proof or acknowledgment of deeds of real estate, before the same shall be received or filed." This rule is still in force, and in no instance can an undertaking be received or filed, nor will any be approved of by the judges of the court, unless duly proved or acknowledged pursuant to this rule. 2. The next objection is, that no certificate of a judge had been obtained, pursuant to section 299 of the Code. It appears, however, that such a certificate had, indeed, been granted, but a copy was not served, on the opposite party, with the notice of the appeal. This also was irregular. The party appealing must serve on his adversary copies of all the papers which he is

Beech v. Southworth and another.

required to file, in order to perfect the appeal, so that the respondent may know, without being under the necessity of searching the clerk's office, whether all the steps have been taken which are necessary to make a perfect appeal. 3. Another objection is, that no notice was given of the names and additions of the sureties to the undertaking. This, also, is an irregularity. The respondent has the right to except to the sureties, within a certain period after notice of the appeal. In order to enable him to do that, he must, with the notice of appeal, know who the sureties are; for unless he does, and he shall be compelled to go to the clerk's office always to find out who the sureties are, he may be deprived of a part, or perhaps the whole, of the time for exception, which the statute allows. This notice of the sureties must contain their names and additions, specifying their calling or occupation, and, in the city, the number of the street where they reside.

All these irregularities are merely a contravention of the rules of court, which may be dispensed with on terms so as to arrive at the substantial merits. But it is alleged that there is another defect in the proceedings, which is in contravention of a requirement of a statute; and the question is, whether that is fatal to the proceeding, or can be remedied by amendment. By section 290, of the Code, it is enacted that an undertaking upon an appeal shall be of no effect, unless it be approved, in the first instance, by a judge of the court below, etc. The undertaking on this appeal has not received such an approval, nor could it, probably, have obtained it, for it does not contain any description of the persons who executed it, which it certainly ought to do, as otherwise it might be difficult to ascertain what precise individual it was who had signed it, or was to be bound by it. In this respect, the appeal is imperfect, if security is required; for the undertaking, without such approval, can be of no effect. This being a requirement of a statute, we cannot dispense with it as we may with those things which are required by our rules only. We can dispense with it only when authorized to do so by statute. The motion here is to amend those proceedings, by obtaining now the

required approval. There may be some doubt whether we could allow the amendment asked for, under the provisions of the Code, because section 366, which allows the time within which any proceeding in an action must be had, after its commencement, and before judgment, to be enlarged, expressly excepts the time within which an appeal must be taken. The Revised Statutes, however, seem to have made provision for such a case. By 2 R. S. 556, section 33, in regard to bonds (for which undertakings are now substituted), it is enacted that they need not conform, in all respects, to the form required by any statute, but the same shall be deemed sufficient if they conform substantially, and do not vary in any matter prejudicial to the rights of the other party. By section 34, whenever such bond shall be defective, in any respect, the court, officer or body, who would be authorized to receive it, or to entertain any proceedings in consequence of it, may amend the same, in any respect; and thereupon it shall be deemed valid from the time of its execution. The main object of the approval required in such cases must be to secure an undertaking, which shall be good in point of form, since the sufficiency of the sureties is provided for by the exception and examination which is allowed. And the approval does not seem to be essential to the rights of the respondent, since it does not conclude him as to the validity of the undertaking, or the sufficiency of the sureties. The approval is essential to the sufficiency of the undertaking, as a part of the machinery necessary to taking an appeal, not to its validity as between the parties to it; and the want of it is such a defect as will not prejudice the rights of the party to whom, or for whose benefit, it has been taken. It comes, therefore, within the thirty-fourth section of the Revised Statutes, and may be amended in this respect. It is not, however, necessary for us to decide this point, because we are of opinion that on appeals from "orders," as distinguished from "judgments," no security is required; but we throw out these suggestions in the hope that by stating our views we may do away with many of the irregularities which we are compelled so frequently to witness,

Beech v. Southworth and another.

and which seem to have their origin in entire forgetfulness of that provision of the Code (section 389) which enacts that the practice and rules of the court, where not inconsistent with the Code, shall continue in force, subject to the power of the court over them as it now exists. By recollecting this, and practising accordingly, many of the defects alluded to would be avoided; and until that shall be done, we shall be compelled to subject the erring party to the costs of correcting the errors, even when they do not affect the substantial rights of the parties. In this case, the irregularity which has occurred in taking the appeals, is the omission to serve the judge's certificate with the notice of appeal. If security had been required on the appeal, there would have been several additional irregularities, such as the omission to have the undertaking proved or acknowledged, pursuant to the 120th rule; the omission to obtain the judge's approval of it; the omission of a proper description, in the undertaking, of the parties who have entered into it, including their names in full, residence and occupation, and the omission of a notice of the names and additions of the sureties. These things will be required in all cases where an undertaking is to be given under the Code; but in this case these omissions are none of them irregularities, because no security is required on an appeal on a special motion. For the irregularity which has occurred here, as it does not affect the merits, we do not quash the appeal. We deny the motion, on payment of costs, on condition that the appellant forthwith serve a copy of the judge's certificate.